The plaintiff in error, Clifford Howard, upon complaint filed May 10, 1903, charging him with carrying concealed weapons on or about May 11, 1903, was tried by the police judge and found guilty May 19, 1903, and committed to the Boys’ Industrial School of Lancaster, Ohio, until he arrives at the age of twenty-one years.
The original Section 1788, Revised Statutes, that gives the police judge of this city final jurisdiction for the trial of misdemeanors, was amended, re-enacted and repealed May 10, 1902 (95 O. L., 535), without any reservation.
The said Section 1788, Revised Statutes, without being reenacted, was expressly repealed at the extra session of 1902, with the only provision that the act of that date “should supersede all acts and parts of acts not herein expressly repealed.” 96 O. L., 105.
The said section being expressly repealed by the act of that date, this provision tabes no part therein. The only provision that may be claimed to effect it, is -the provision in 96 O. L., 81, *286 Section 191, that “The police court of each city as heretofore established and now existing shall have the jurisdiction conferred in any general or special act creating or governing the same;” and then in the act repeals the very section giving it jurisdiction without having re-enacted said section. Such general provisions as made in Sections 190 and 191, can in no way be considered as re-enacting Section 1788, Revised Statutes, expressly repealed by said act.
Sections 1785 and 1787, Revised Statutes, were not repealed by the act of the special session of 1902, but stand in full force giving the police court jurisdiction in criminal eases, “the same 'as that of a justice of the peace;” neither is Section 1785, Revised Statutes, creating the police court, repealed by the act of the last Legislature.
So that not passing upon the validity of the act creating the court as special legislation, under the late rulings of the Supreme Court upon special legislation, this court finds that under the present state of the law, the police court has the same jurisdiction that a justice of the peace has in criminal cases, and no more.
Then what jurisdiction has a justice of the peace authorized by law in criminal cases ? Section 610, Revised Statutes, reads;
“Every justice of the peace shall be a conservator of the peace, and-shall have jurisdiction in criminal cases throughout the county in which he is elected and where he resides, on view, or on sworn complaint, to cause every person charged with the commission of a felony, or misdemeanor, to be arrested and brought before himself, or some other justice of the peace, and on such person being brought before him, to inquire into'the complaint and either discharge or recognize him to be and appear before the proper court at the time in such recognizance named, or otherwise dispose of the complaint as is provided by law.”
Section 7147, Revised Statutes, as amended May 10, 1902, states that:
“When the accused is brought before the magistrate and there is no plea of guilty, he shall, as soon as may be, in the presence of the accused, inquire into the complaint; and if it *287 appear that an offense has been committed, and that there is probable cause to believe the prisoner guilty, he shall order him to enter into a recognizance, with good and 'sufficient surety, * * * for his appearance at the proper time, in the proper court; otherwise he shall discharge him from custody; but if the offense charged is a misdemeanor, and the accused, in writing subscribed by him, * • * * waive a jury and submit to be tried by the magistrate, he may render final judgment.” 95 O. L., 529.
In the case of Hanaghan v. State, 51 Ohio St., 24, 25, the court of last resort in that state, in the third proposition of the syllabus of that ease under Section 7147, Revised Statutes, state that “A plea of guilty of such offense, though filed in writing with the magistrate, is not a waiver by the accused of his right to a trial by jury and submission to be tried by the magistrate, ’’ and in such ease it is the duty of the magistrate to recognize the accused to the proper court, although a plea of guilty was filed in writing, the court holding that the accused must in writing waive a jury and submit to be tried by the justice, because the statute requiring the same can not, like other penal statutes, be enlarged by construction. The justice or magistrate would have no final jurisdiction in this ease.
The accused in this case is charged with an offense of carrying concealed weapons and not one of those cases named in Sections 6960, 6961, 6963, 6964, 6965, 6967, 6968, Revised Statutes, where the magistrate may have final jurisdiction by Section 6966-2, Revised Statutes, when a trial by jury is not waived.
This court therefore holds that the police court of this city, independently of the question of special legislation in the creation of suoh court for cities of the second class, third grade, as Springfield is designated by the statutes, has only the jurisdiction of a justice of the peace, in misdemeanors, since May 10, 1903.
The transcript of the record in this case shows that the plaintiff in error was tried by the judge; no jury was waived in writing, no plea of guilty was entered; that he was found by the court guilty and sentenced to the Boys’ Industrial School at Lancaster, Ohio, for many years, and in addition finds many *288 facts about his having been previously sent there, without stating the more dominant facts that he had been illegally sent on every occasion. All of this part of the record is irrelevant, inasmuch as it does appear that they tried him and sentenced him, without the plea of guilty; without waiving a jury in writing; and that, too, when the plaintiff plead not guilty.
D. F. Beinoehl, for plaintiff.
J. B. McGrew and J. M. Cole, for defendant.
The court find that there is error as in the petition assigned, for the reason that the court had no final jurisdiction to try said defendant without a written waiver of a jury, and that said court had no jurisdiction to render the judgment and sentence so rendered, and that he is now illegally deprived of his liberty, and he is ordered to be restored to his liberty.